1  **WO**

2

3

4

5

6  ## IN THE UNITED STATES DISTRICT COURT

7  ## FOR THE DISTRICT OF ARIZONA

8

9  Rebecca Sandoval,                              No. CV-22-08017-PCT-MTL

10                    Plaintiff,                  **ORDER**

11  v.

12  Commissioner    of    Social    Security
    Administration,

13

14                    Defendant.

15          At issue is the denial of Plaintiff Rebecca Sandoval's Applications for Supplemental

16  Security Income ("SSI") and Disability Insurance Benefits ("DIB") by the Social Security

17  Administration ("SSA") under the Social Security Act ("the Act").[1] Plaintiff filed a

18  Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court

19  now addresses Plaintiff's Opening Brief (Doc. 14), Defendant Social Security

20  Administration Commissioner's Response Brief (Doc. 18), and Plaintiff's Reply Brief

21  (Doc. 19). The Court has reviewed the briefs, Administrative Record (Doc. 13, "R."), and

22  the Administrative Law Judge's ("ALJ") decision (R. at 1048-63) and hereby reverses the

23  ALJ's decision and remands this matter to the SSA Commissioner for a new administrative

24  hearing for the reasons addressed herein.

25

26

27  _____

28  [1] The relevant DIB and SSI regulations in this case are virtually identical, and the Court cites only the DIB regulations in the Order. Parallel SSI regulations are found in 20 C.F.R. §§ 416.900-416.999 and correspond with the last two digits of the DIB citation (e.g., 20 C.F.R. § 404.1520 corresponds with 20 C.F.R. § 416.920).

## I.      BACKGROUND

Plaintiff filed applications for DIB and SSI on July 30, 2013, for a period of disability beginning on March 11, 2013. (Doc. 14 at 1.) Prior to the present appeal, an ALJ issued an unfavorable decision on October 26, 2016, and an amended decision on November 30, 2016. (Doc. 13-3 at 11.) The Appeal Council reviewed and upheld the ALJ's decision on February 12, 2019. (*Id.* at 14.) On appeal, this Court reversed and remanded the case for further proceedings. (Doc. 13-14 at 5.) After a new hearing, an ALJ again issued an unfavorable decision on January 21, 2022. (*Id.* at 20.) On February 2, 2022, Plaintiff filed this action seeking judicial review. (Doc. 1.)

Upon consideration of the medical records and opinions, the ALJ evaluated Plaintiff's alleged disability based on the severe impairments of cervical degenerative disc disease, lumbar degenerative disc disease, degenerative joint disease of the bilateral hips and bilateral shoulder impingement syndrome/adhesive capsulitis/tendinitis. (R. at 1051.) Ultimately, the ALJ concluded that Plaintiff was not disabled. (R. at 1063.) The ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 1053.) The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with certain functional limitations and concluded that Plaintiff can perform her past relevant work as a vault cashier. (R. at 1054, 1062.)

## II.     LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider

the entire record and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id*. Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 416.920(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 416.920(b). If so, the claimant is not disabled, and the inquiry ends. *Id*. At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id*. § 416.920(c). If not, the claimant is not disabled, and the inquiry ends. *Id*. At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id*. § 416.920(d). If so, the claimant is automatically found to be disabled. *Id*. If not, the ALJ proceeds to step four. *Id*. At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. *Id*. § 416.920(e). If so, the claimant is not disabled, and the inquiry ends. *Id*. If not, the ALJ proceeds to the fifth and final step, where they determine whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id*. § 416.920(g). If so, the claimant is not disabled. *Id*. If not, the claimant is disabled. *Id*.

## III.   ANALYSIS

Plaintiff argues that the ALJ failed to properly consider the opinion of Plaintiff's treating physician, Demitri D. Adarmes, M.D. (Doc. 14 at 1.) Within that argument, Plaintiff also argues that the ALJ erred in assessing Plaintiff's substantial gainful activity at step one of the analysis. Plaintiff requests this Court to remand the case for an award of benefits. (Doc. 14 at 1.)

1

### A.      Substantial Gainful Activity

2

3        Plaintiff contends that the ALJ erroneously determined that she performed

4    substantial gainful activity after her alleged onset date at step one without conducting the

5    required analysis for her 2015 self-employment income under SSR 83-34. (Doc. 14 at 16.)

6    The ALJ found that Plaintiff engaged in substantial gainful activity from March 11, 2013,

7    through December 31, 2015, because Plaintiff's total earnings for 2014 and 2015 exceeded

8    the threshold for earnings presumed to represent substantial gainful activity. Specifically,

9    the ALJ found that Plaintiff received income of $13,921.44 in 2015. (R. at 1051, 1368-70.)

10        Substantial gainful activity is work activity that is both "substantial," involving

11   "significant physical or mental activities," and "gainful," done "for pay or profit." 20

12   C.F.R. § 404.1572. A claimant has the burden to prove she has not engaged in substantial

13   gainful activity "for a continuous period of not less than 12 months" from her alleged

14   disability onset date. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1194–95 (9th

15   Cir. 2004) (citing 42 U.S.C. § 423(d)(1)(A)). If a claimant has engaged in substantial

16   gainful activity since filing for benefits, then the claimant cannot be found to be disabled

17   regardless of her medical condition. 20 C.F.R. §§ 404.1520(b), 416.920(b). The existence

18   of earnings over the statutory minimum creates a presumption of substantial gainful

19   employment. *Id.* §§ 404.1574(b)(2), 404.1575(b)(2); *Keyes v. Sullivan*, 894 F.2d 1053,

20   1056 (9th Cir. 1990). But the presumption may be rebutted if a claimant demonstrates an

21   "inability to be self-employed or to perform the job well, without special assistance, or for

22   only brief periods of time." *Id.* Substantial gainful activity monthly income thresholds were

23   $1,070.00 in 2014 and $1,090.00 in 2015. (R. at 32); *see* Social Security Administration,

24   *Substantial Gainful Activity*, https://www.ssa.gov/oact/cola/sga.html (last visited Aug. 4,

25   2023).

26        Plaintiff does not dispute that she earned a total of $13,921.44 in 2015, which would

27   amount to a total monthly income was $1,160.12.[2] (Doc. 14 at 16.) Plaintiff instead argues

28   that the ALJ failed to subtract the value of her daughter's unpaid help to determine her

---

[2] The Court calculated this amount by dividing Plaintiff's annual income, $13,921.44 by 12 to arrive at an average monthly income. *See* 20 C.F.R. § 404.1575.

countable income and make the required findings to establish that her self-employment is substantial gainful activity, as required by 20 C.F.R. § 404.1575. (*Id.* at 16-17.) Plaintiff further argues that the ALJ erroneously required her to produce old tax returns without considering her testimonial evidence. (*Id.*)

Plaintiff testified that her 2015 self-employment income was earned from buying and selling items on eBay with her daughter. (R. at 1086.) Plaintiff stated that she worked approximately five hours each week and her duties involved reading emails and checking the internet for items to buy or sell. (R. at 60, 1088.) Plaintiff further testified that her daughter would list the items for sale and then package and mail the items when sold. (*Id.*) Plaintiff indicated that her daughter did most of the work. (R. at 1111.) During the hearing, the ALJ requested Plaintiff submit her tax returns for 2014 and 2015. (R. at 1051, 1100.) Plaintiff testified that she was unsure if she had those tax returns in her possession, and Plaintiff avers that record requests for the IRS only allow for transcripts from the three prior processing years, so she could not provide them to the ALJ. (Doc. 14 at 17; R. at 1101-02, 1409.) Plaintiff had over two months to submit the tax returns, and because she failed to do so, the ALJ summarily considered her earnings to be substantial income exceeding the threshold for substantial gainful activity from March 11, 2013, through December 31, 2015. (R. at 1051.)

The Court agrees that the ALJ failed to conduct the required analysis at step one. The ALJ relied solely on Plaintiff's income to find that she had substantial gainful activity. (Doc. 13-14 at 8.) Section 404.1575(a)(2) specifically states, however, that "[w]e will not consider your income alone because the amount of income you actually receive may depend on a number of different factors. . . ." The regulations require the ALJ to analyze a claimant's self-employment activities under a series of three tests to determine if they count as substantial gainful activity. 20 C.F.R. § 404.1575. The ALJ failed to analyze any of those three tests in their decision.

On this record it is unclear whether Plaintiff's countable earnings met the income level set by the SSA, but the ALJ nonetheless concluded Plaintiff's self-employment was substantial gainful activity. (Doc. 13-14 at 8.) There is no indication that the ALJ performed

any of the required analyses to determine Plaintiff's countable monthly income under the regulations. Nor is there any reasoning in the decision that, despite Plaintiff's daughter's contributions to her business, any other factors supported a finding that Plaintiff engaged in substantial gainful activity. Notably, the Commissioner concedes that, "the ALJ did not perform a detailed analysis of Plaintiff's self-employment." (Doc. 18 at 4). Under the relevant regulations, the ALJ should have made inquiries into the amount of help provided by Plaintiff's daughter. The ALJ also had some responsibility to inquire about any incurred business expenses that might offset Plaintiff's monthly income where Plaintiff indicated that the tax returns may be irretrievably lost.[3] *See Montoya v. Colvin*, 649 Fed. App'x 429, 431 (9th Cir. 2016) (finding an ALJ erred by not "addressing the substantial gainful activity issue or developing the record on it" when the record was unclear whether a plaintiff earned more than the level set by the agency). Because the ALJ did not "set forth the reasoning behind [their] decision in a way that allows for meaningful review," the Court cannot affirm the decision. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). Thus, the Court remands this matter for a proper determination of Plaintiff's substantial gainful activity from March 11, 2013, to December 31, 2015.

B.     **Medical Opinion Evidence**

Plaintiff argues that the ALJ improperly rejected the opinions of her treating physician Dr. Adarmes. (Doc. 14 at 17.) When evaluating medical opinion evidence in cases filed prior to March 27, 2017, "[t]he ALJ must consider all medical opinion evidence," and there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither

---

[3] Moreover, the ALJ cited Plaintiff's failure to submit her requested tax returns as a primary reason for finding her earnings qualified as substantial gainful activity. (R. at 1051.) However, nowhere in the regulations are a claimant's state tax returns required for an ALJ can issue a favorable finding. The Commissioner notes that, "[t]ax returns are a relevant consideration in evaluating [substantial gainful employment] under 20 C.F.R. § 404.1575." (Doc. 18 at 4.) While income tax returns may be relevant to the analysis, nothing under Section 404.1575 or SSR 83-34 requires them. The ALJ's sole reliance on the missing income tax returns was misplaced where Plaintiff provided relevant testimony regarding her daughter's unpaid services that the ALJ failed to consider.

examined nor treated the claimant are non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Although greater weight is generally afforded to treating physicians, a "treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Rodriguez v. Bowen*, 876 F.2d 759, 761–62 & n.7 (9th Cir. 1989). If a treating physician's opinion is not given controlling weight, then the ALJ must consider the relevant factors listed in 20 C.F.R. § 404.1527(d)(2)-(6) to determine the appropriate weight to give the opinion. *Orn*, 495 F.3d at 632. "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957. If a treating physician's opinion is contradicted by another doctor's opinion, the ALJ cannot reject the treating physician's opinion unless he provides specific and legitimate reasons that are based on substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

The ALJ rejected Dr. Adarmes's opinion in part because the opinion is dated October 30, 2015 and it is "not consistent with the claimant's ability to work at the level of substantial gainful activity through December 31, 2015." (Doc. 13-14 at 18.) As the Court addressed above, the ALJ's determination as to Plaintiff's substantial gainful activity was erroneous. Thus, the ALJ's rejection of Dr. Adarmes's opinion on this basis cannot be a specific and legitimate reason supported by substantial evidence.

The ALJ provided one additional sentence to support the decision to give Dr. Adarmes's opinion less weight: "the rather extreme exertional restrictions opined by Dr. Adarmes is [sic] not consistent with the medical evidence of record from January 2016 forward, which indicates no more than mild to moderate remarkable findings. . . ." (R. at 1061.) The Court finds that the ALJ's discussion "does not explain—specifically and legitimately or otherwise—how [that evidence] leads to the conclusion that [Dr. Adarmes's] evaluation should be disregarded." *Widmark v. Barnhart*, 454 F.3d 1063, 1067

(9th Cir. 2006). Therefore, the Court finds that substantial evidence does not support the ALJ's conclusion to reject Dr. Adarmes's medical opinion.

### C.    Credit-as-True

Plaintiff asks the Court to use its discretion and remand this case for an immediate award of disability benefits rather than for further proceedings. (Doc. 14 at 21-24.) The credit-as-true doctrine only applies in "rare circumstances" that permit the Court to depart from the ordinary remand rule. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1102 (9th Cir. 2014). Three elements must be present for these rare circumstances to exist. First, the ALJ must have neglected to supply legally sufficient reasons for rejecting medical evidence. *Id.* at 1100. Second, a fully developed record must exist with no outstanding issues pending resolution before a disability determination can be made, and the Court must find that further administrative proceedings would not be constructive. *Id.* at 1101. Further proceedings are required when there are ambiguities and conflicts in the record that must be resolved. *Id.* Third, if the first two elements are met, the Court may "find[] the relevant testimony credible as a matter of law. . . and then determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Id.* (citations omitted).

The Court finds the ordinary remand rule applies here. The ALJ must resolve the ambiguities in the record regarding whether Plaintiff's self-employment in 2015 constitutes substantial gainful activity from the alleged onset date and whether Dr. Adarmes's opinion is consistent with the record evidence as a whole. Accordingly, the Court remands this case to the Commissioner for further development of the record.

///

///

///

IV.    **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the decision of the Commissioner is **REVERSED,** and this case is **REMANDED** for further administrative proceedings consistent with this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter final judgment consistent with this Order and close this case.

Dated this 4th day of August, 2023.

Michael T. Liburdi
United States District Judge