**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rebecca Sandoval,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. 22-CV-08017-PCT-MTL<br><br>**ORDER** |

Pending before the Court is Plaintiff Rebecca Sandoval's unopposed Motion for Award of Attorney's Fees Under 42 U.S.C. § 406(b). (Docs. 25, 26.) Section 406(b)(1) authorizes the recovery of reasonable attorney's fees from the award of past-due benefits.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

Plaintiff prevailed in her appeal to this Court from the administrative law judge's decision, obtaining a remand for a new hearing. (Doc. 20.) The remand resulted in the

1  Social Security Administration awarding Plaintiff $93,468.70 as past-due payments under
2  disability insurance benefits. (Doc. 25-2 at 5.) The Social Security Administration withheld
3  $23,467.18 from the award. (*Id.*) This amount, however, exceeds the statutory cap of 25
4  percent of past-due benefits for attorneys' fees. *See* § 406(b)(1)(A).

5        Having successfully litigated this case, Plaintiff's Counsel seeks an award of
6  $23,467.18 in fees from Plaintiff's recovery, the amount withheld from Plaintiff's past due
7  benefits. (Doc. 25-1 at 1.) Because this request exceeds the statutory maximum, the Court
8  reduces the award to $23,367.18, which is exactly 25 percent of Plaintiff's past due
9  benefits. The Court previously awarded Plaintiff $5,529.00 in attorney fees pursuant to the
10 Equal Access to Justice Act ("EAJA"). (Doc. 23.) Plaintiff's Counsel acknowledges that a
11 § 406(b)(1) fee award must be offset by the previously awarded EAJA attorney fee. (*See*
12 Doc. 25-1 at 2.)

13       The Court finds that the representation agreement between Plaintiff and her Counsel
14 represents a lawful contingency fee agreement. *See Gisbrecht v. Barnhart*, 535 U.S. 789,
15 793 (2002). In that agreement, Plaintiff agreed to pay 25 percent of all past-due benefits.
16 (Doc. 25-2 at 3.) Counsel spent 45.25 hours resolving this case. (Doc. 25-2 at 1-2.) The
17 Court further finds that the hourly rate of $516.40 for work performed before the District
18 Court is a reasonable hourly rate considering the type of work, Counsel's experience, and
19 the contingency nature of the fee agreement. The Court finds that the hours expended by
20 Counsel at the District Court are reasonable. Finally, the Court finds that the above-
21 adjusted requested fee award meets the statutory cap of 25 percent of the total past-due
22 benefits.

23       Accordingly,

24       **IT IS ORDERED** that the Motion (Doc. 25) is **GRANTED**. Plaintiff's Counsel is
25 awarded attorney's fees in the amount of $23,367.18 pursuant to 42 U.S.C. § 406(b)(1).

26       **IT IS FURTHER ORDERED** that any additional funds withheld by the Social
27 Security Administration for the payment of attorney's fees shall be released to Plaintiff.
28 ….

**IT IS FINALLY ORDERED** that Plaintiff's Counsel shall reimburse Plaintiff in the amount of $5,529.00, representing the EAJA fees previously awarded.

Dated this 17th day of January, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge